IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
APR 2 2003

| | | |
|---|---|---|
| LORNEY BENDEL, | ) | |
| | ) | JUDGE JAMES B. ZAGEL |
| Plaintiff, | ) | 02 C 6734   UNITED STATES DISTRICT COURT |
| | ) | |
| v. | ) | Judge Zagel |
| | ) | |
| CITY OF CHICAGO, OFFICER CALLAHAN, | ) | |
| Star No. 1373/016, OFFICER KINSLOW, | ) | Magistrate Judge Levin |
| Star No. 9506/016, OFFICER JAMIE ANSELMO, | ) | DOCKETED |
| Star No. 13917/016, | ) | MAY 1 3 2003 |
| | ) | |
| Defendants. | ) | |

### DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant City of Chicago, by Mara S. Georges, Corporation Counsel, for its Answer, Defenses and Jury Demand to Plaintiff's Complaint, states as follows:

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1981 and 1983; the Judicial Code, 28 U.S.C. § 1331 and 1343(a); the Constitution of the United States; and this Court's supplementary [sic] jurisdiction powers.

**ANSWER:** The City admits that this court has jurisdiction over the federal claims in this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(a)(3). The City further admits that this court has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367. The City denies that the United States Constitution provides plaintiff with a direct cause of action. The City further denies that this court has jurisdiction over any claims in this action pursuant to 42 U.S.C. § 1981.



## **PARTIES**

2. Plaintiff, Lorney Bendel, is a resident of Cook County and State of Illinois, and a citizen of the United States.

**ANSWER:** On information and belief, the City admits that on September 22, 2001, plaintiff Lorney Bendel was a resident of Cook County and the State of Illinois. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are deemed denied.

3. Defendants, Officers Anthony Callahan, Officer Steven Kinslow and Officer Jamie Anselmo were at all times material and relevant hereto, officers of the City of Chicago Police Department.

**ANSWER:** The City admits the allegations of this paragraph.

4. On or about September 22, 2001, the Plaintiff was battered by Officers Callahan, Officer Kinslow and Anselmo and an unreasonable amount of force was used against the Plaintiff.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore they are deemed denied.

5. On or about September 22, 2001 the officers arrested Plaintiff for Obstruction of Justice. Plaintiff was criminally processed for said charges which were ultimately dismissed. The Defendant Officers were devoid of probable cause to arrest the Plaintiff and to prosecute him for Obstruction of Justice.

**ANSWER:** The City admits that Chicago Police Department records indicate that on September 22, 2001, plaintiff was arrested for obstruction of an officer. The City further admits that records of the Circuit Court of Cook County indicate that plaintiff was criminally prosecuted for this charge and that this charge was stricken off with leave to reinstate on December 13, 2001. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are deemed denied.

6. Plaintiff was processed for said charges and a criminal complaint was filed as a result of the Officers refusal to come forward with accurate and truthful information relative to the Plaintiff's conduct on September 22, 2001. Further, the Officers withheld information from the State's Attorney and initiated the criminal process by not fully disclosing the facts that formed the basis of the criminal charges.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore they are deemed denied.

7. As a direct and proximate result of one or more of the aforesaid acts or omissions of the Defendant, plaintiff was caused to suffer serious and permanent personal injury, pain, suffering and mental anguish both now and in the future.

**ANSWER**: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore they are deemed denied.

### COUNT I - § 1983 Excessive Use of Force

The City is not a party-defendant in count I. Therefore, it does not answer the allegations in that count.

### COUNT II - § 1983 False Arrest

The City is not a party-defendant in count II. Therefore, it does not answer the allegations in that count.

### COUNT III - False Arrest (State Claim)

The City is not a party-defendant in count III. Therefore, it does not answer the allegations in that count.

### COUNT IV - Malicious Prosecution (State Claim)

The City is not a party-defendant in count IV. Therefore, it does not answer the allegations in that count.

3

### COUNT VIII [sic] - Abuse of Process (Federal Claim)

The City is not a party-defendant in count VIII [sic]. Therefore, it does not answer the allegations in that count.

### COUNT I [sic] - Battery (State Claim)

The City is not a party-defendant in count I [sic]. Therefore, it does not answer the allegations in that count.

### COUNT VIII [sic] - 745 ILCS 109-102 Claim Against the City of Chicago

26. Plaintiff re-alleges paragraphs 1-7 as though fully set forth herein.

**ANSWER**: The City realleges its answers to paragraphs 1-7.

27. Defendant City of Chicago is the employer of the Defendant Officers.

**ANSWER**: The City admits the allegations of this paragraph.

28. The Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees for the City of Chicago.

**ANSWER**: The City admits that the defendant officers were acting within the scope of their employment as employees for the City of Chicago in their encounter with plaintiff on September 22, 2001. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore they are deemed denied.

WHEREFORE, defendant City of Chicago prays that this court enter judgment in its favor on Plaintiff's Complaint at Law, award defendant such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

4

## AFFIRMATIVE DEFENSES

1. Defendant City is not liable to plaintiff if its employees or agents are not liable to plaintiff. 745 ILCS 10/2-109.

2. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202.

3. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

4. Plaintiff has a duty to mitigate his damages, and any damages awarded to plaintiff would be required to be reduced by any amount by which the damages could have been lessened by plaintiff's failure to take reasonable action to minimize those damages.

## JURY DEMAND

Defendant City of Chicago respectfully demands a jury trial on all claims against it.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel

By: *[signature]*
GEORGE J. YAMIN, Jr.
Assistant Corporation Counsel

30 North LaSalle Street
Room 900
Chicago, Illinois 60602
(312) 744-0454
Atty. No. 06217483

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORNEY BENDEL, | ) |
| Plaintiff, | ) No. 02 C 6734 |
| v. | ) JUDGE ZAGEL |
| CITY OF CHICAGO, OFFICER CALLAHAN, Star No. 1373/016, OFFICER KINSLOW, Star No. 9506/016, OFFICER JAMIE ANSELMO, Star No. 13917/016, | ) Magistrate Judge Levin |
| Defendants. | ) |

## DEFENDANT ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendants, Sgt. Callaghan, Officer Kinslow, Officer Anselmo, ("Defendant Officers") by one of their attorneys, Michael T. Donovan, Assistant Corporation Counsel, hereby answer Plaintiff's Complaint, demand trial by jury and assert defenses as follows:

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1981 and 1983; the Judicial Code, 28 U.S.C. § 1331 and 1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:** Defendant Officers admit that plaintiffs have brought this action pursuant to 42 U.S.C. §1983, and further admits that this Court has federal question jurisdiction under 28 U.S.C. 1331 and 1343, and supplemental jurisdiction pursuant to 28 U.S.C. 1367. Defendant Officers deny all remaining allegations of paragraph one and further deny engaging in any conduct giving rise to claims under the laws alleged.

### PARTIES

2. Plaintiff, Lorney Bendel, is a resident of Cook County and State of Illinois, and a



citizen of the United States.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph two.

3. Defendants, Officers Callahan, Officer Kinslow and Officer Anselmo were at all times material and relevant hereto, officers of the City of Chicago Police Department.

**ANSWER:** Admitted.

4. On or about September 22, 2001, the Plaintiff was battered by Officers Callahan, Officer Kinslow and Anselmo and an unreasonable amount of force was used against the Plaintiff.

**ANSWER:** Denied.

5. On or about September 22, 2001 the officers arrested Plaintiff for Obstruction of Justice. Plaintiff was criminally processed for said charges which were ultimately dismissed. The Defendant Officers were devoid of probable cause to arrest the Plaintiff and to prosecute him for Obstruction of Justice.

**ANSWER:** Defendant Officers admit that on September 22, 2001 Plaintiff was arrested and processed. Defendant Officers deny the remaining allegations of paragraph five.

6. Plaintiff was processed for said charges and a criminal complaint was filed as a result of the Officers refusal to come forward with accurate and truthful information relative to the Plaintiff's conduct on September 22, 2001. Further, the Officers withheld information from the State's Attorney and initiated the criminal process by not fully disclosing the facts that formed the basis of the criminal charges.

**ANSWER:** Defendant Officers admit that Plaintiff was processed for said charges and a criminal complaint was filed. Defendant Officers deny the remaining allegations of paragraph six.

7. As a direct and proximate result of one or more of the aforesaid acts or omissions of the Defendant, plaintiff was caused to suffer serious and permanent personal injury, pain, suffering and mental anguish both now and in the future.

2

**ANSWER:** Denied.

### COUNT I - § 1983 Excessive Use of Force

8. Plaintiff re-alleges paragraphs 1-7 as though fully set forth herein.

**ANSWER:** Defendant Officers incorporate by reference their answers to paragraphs one through seven as though fully set forth in answer to the allegations of paragraph eight.

9. The actions of the police officers constituted an excessive and unjustifiable force against Plaintiff and therefore violated Plaintiff's right to be free from unreasonable arrest and seizure.

**ANSWER:** Denied.

10. The aforementioned actions of the Defendant were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:** Denied.

### COUNT II - § 1983 False Arrest

11. Plaintiff, re-alleges paragraphs 1-7 as though fully set forth herein.

**ANSWER:** Defendant Officers incorporate by reference their answers to paragraphs one through seven as though fully set forth in answer to the allegations of paragraph eleven.

12. The actions of the Defendant Officers violated Plaintiff's right to be free from unreasonable arrest and seizure. Said officers did not have probable cause to believe that criminal activity was underfoot.

**ANSWER:** Denied.

13. The aforementioned actions of the Defendants were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:** Denied.

3

### COUNT III - False Arrest (State Claim)

14. Lorney Bendel re-alleges paragraphs 2-7 as though fully set forth herein.

**ANSWER:** Defendant Officers incorporate by reference their answers to paragraphs two through seven as though fully set forth in answer to the allegations of paragraph fourteen.

15. Defendant Officers arrested Plaintiff without probable cause. The Officers' conduct was in violation of the Illinois Constitution.

**ANSWER:** Denied.

16. The aforementioned actions of the Defendants were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:** Denied.

### COUNT IV - Malicious Prosecution (State Claim)

17. Plaintiff re-alleges paragraphs 2-7 as though fully set forth herein.

**ANSWER:** Defendant Officers incorporate by reference their answers to paragraphs two through seven as though fully set forth in answer to the allegations of paragraph seventeen.

18. The aforementioned actions of Defendant Officers were the direct and proximate cause of the criminal action being lodged against the Plaintiff.

**ANSWER:** Denied.

### COUNT VIII - Abuse of Process (Federal Claim)

19. Plaintiff, re-alleges paragraphs 1-7 as though fully set forth herein.

**ANSWER:** Defendant Officers incorporate by reference their answers to paragraphs one through seven as though fully set forth in answer to the allegations of paragraph nineteen.

20. The actions of the Defendant Officers constituted a violation of due process.

**ANSWER:** Denied.

21. This conduct proximately caused the Plaintiff to be criminally prosecuted and proximately caused the Plaintiff to suffer emotional harm both now and in the future and financial loss.

**ANSWER:** Denied.

22. The Plaintiff has a constitutionally protected right to be free from criminal prosecution.

**ANSWER:** Denied.

### COUNT I - Battery (State Claim)

23. Plaintiff realleges paragraphs 2-7 as though fully set forth herein.

**ANSWER:** Defendant Officers incorporate by reference their answers to paragraphs two through seven as though fully set forth in answer to the allegations of paragraph twenty-three.

24. The Defendant Officers touched the Plaintiff in a manner in which he did not consent, thus violating Illinois law prohibiting a battery.

**ANSWER:** Denied.

25. The aforementioned actions of the Defendant were the direct and proximate cause of the violations set forth above.

**ANSWER:** Denied.

### COUNT VIII - 745 ILCS 109-102 Claim Against the city of Chicago

26. Plaintiff re-alleges paragraphs 1-7 as though fully set forth herein.

**ANSWER:** Defendant Officers incorporate by reference their answers to paragraphs one through seven as though fully set forth in answer to the allegations of paragraph twenty-six.

27. Defendant City of Chicago is the employer of the Defendant Officers.

**ANSWER:** Admitted.

28. The Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees for the City of Chicago.

5

**ANSWER**: Admitted.

## JURY DEMAND

The Defendant Officers demand a jury trial.

## RULE 12(b)(6) DEFENSES

1.  An award of punitive damages would deprive the Defendant Officers of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

    a)  liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence;

    b)  the award of punitive damages is disproportionate to actual damages;

    c)  multiple awards of punitive damages based on the same conduct violate the double jeopardy provision of the Fifth Amendment to the United States Constitution.

2.  Punitive damages under section 1983 violate due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and are void for vagueness for failing to specify (1) what sort of conduct gives rise to liability for such damages, and (2) the maximum fine.

3.  To the extent that Plaintiff is alleging a claim pursuant the Fifth Amendment, it should be dismissed. The "Due Process Clause of the Fifth Amendment's applies only to federal officials." LaBoy v. Zuley, 747 F. Supp./ 1284, 1286 (N.D. Ill. 1990) (citation omitted) (emphasis added). Hence, since Plaintiff alleges that the Defendant Officers are City of Chicago Police Officers and not agents of the federal government, any Fifth Amendment claim must be

dismissed.

4. To the extent that plaintiff is making a due process claim, his complaint should be dismissed. Plaintiff cannot state a claim for violation of his substantive due process rights. "Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871 (1989). See also Albright v. Oliver, 510 U.S. 266, 275, 114 S. Ct. 807, 813 (1994); Mays v. City of East St. Louis, 123 F.3d 999, 1002 (7th Cir. 1997).

5. Plaintiff fails to state a claim in count VIII, titled abuse of process.

## AFFIRMATIVE DEFENSES

1. Defendant Officers are government officials who perform discretionary functions. At all times material to the events alleged in plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted any of the Defendant Officers, could have believed his actions to be lawful, in light of clearly established law and the information that any of the Defendant Officers possessed. Each of the Defendant Officers therefore are entitled to qualified immunity as a matter of law.

2. The Defendant Officers were working as police officers at the time of this incident. Therefore, as to all state law claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202 (1994).

7

3. Defendant Officers are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (1994).

4. As to all state law counts, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because the decision to arrest Plaintiff, based upon the information and circumstances known to Defendant Officers at the time, was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (1996).

5. That any injuries or damages claimed by the Plaintiff against Defendant Officers were caused, in whole or in part, by negligent, wilful and wanton, and intentional conduct of the Plaintiff. Even if the Defendant Officers were liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries. 735 ILCS 5/2-1116 (1992).

6. Under Illinois Tort immunity law, Defendants are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208.

Respectfully submitted,

Sgt. Callaghan, Officer Kinslow and Officer Anselmo

By: *[signature: Michael Donovan]*
MICHAEL T. DONOVAN
Assistant Corporation Counsel

30 North LaSalle Street
Room 1400
Chicago, Illinois 60602
(312) 744-4038
Attorney No. 062248125